CITY OF DETROIT *v.* COLLING

TRIAL—DUE PROCESS—DEFENSE—PRESENTATION—PREJUDICE.
   The right to present a defense is basic in every lawsuit of every
      kind, and a conviction must be reversed where the trial court's
      actions in interrupting defense counsel and in argumentatively
      questioning witnesses effectively prevented defense counsel
      from presenting arguments to the court.

Appeal from Recorder's Court of Detroit, Richard
M. Maher, J.  Submitted Division 1 February 11,
1969, at Detroit. (Docket No. 4,493.)  Decided March
26, 1969.

Arthur W. Colling, Jr., was convicted of ogling
in violation of city ordinance.  Defendant appeals.
Reversed.

*William R. McFadden,* for defendant on appeal.

BEFORE: FITZGERALD, P. J., and R. B. BURNS
and BRONSON, JJ.

PER CURIAM.  Defendant was convicted of ogling
under § 39–1–36, municipal code of Detroit, and
sentenced to two years' probation and a fine of
$75 or 10 days' confinement.
   The evidence showed that defendant had followed
a 12-year-old female in his car, had smiled at her

and gestured to her to come to his car. Defendant tried to block her path as she crossed a street; however, complainant ran to a group of girls and at this time defendant drove away. Complainant picked defendant from a lineup and testified in court that he was the ogler.

The main issue presented on this appeal is concerned with whether the trial court's actions regarding the examination of witnesses and interference with defense counsel's attempt to make final argument deprived defendant of due process of law. It is our finding that the actions of the trial court were clearly prejudicial in interrupting counsel on occasion and by argumentatively questioning witnesses. The counsel for defense never was permitted effectively to present arguments to the court. We agree with the court in *Decker* v. *State* (1925), 113 Ohio St 512 (150 NE 74), "The right to present a defense is basic in every lawsuit of every kind whatever."

In view of *Decker, supra,* and the conduct of the lower court, we reverse the decision. In light of the reversal on the first question raised, there is no need to discuss other issues raised by appellant.

Reversed.